THE PHENIX INSURANCE COMPANY OF BROOKLYN V.
DANIEL SULLIVAN.

INSURANCE—*Action on Policy—Negligence of Assured.* In an action to
recover upon a policy of insurance for a dwelling-house destroyed by
fire, an answer alleging that the fire was caused by the culpable neg-
ligence and carelessness of the assured, is no defense, where no facts
are set forth tending to show that the culpable negligence was willful
or fraudulent. One of the objects of insurance is recompense for
one's negligence; therefore, if the negligence of the assured is not
willful, or of such a degree as amounts to fraud, the insurer will be
responsible.

*Error from Atchison District Court.*

ACTION to recover upon a policy of insurance. Judgment
for plaintiff *Sullivan,* on September 9, 1886. *The Company*
brings the case here. The material facts are set forth in the
opinion.

*Jackson & Royse,* for plaintiff in error.

*Thos. J. White,* and *W. W. Guthrie,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Daniel Sullivan commenced his action on
June 1, 1883, in the district court of Atchison county, to re-
cover from the Phenix Insurance Company of Brooklyn six
hundred dollars, with interest from April 1, 1883, upon a
policy of insurance issued to him on December 23, 1881, ex-
piring three years from date, and insuring him against loss
by fire in the sum of four hundred and fifty dollars upon his
frame dwelling-house, and one hundred and fifty dollars
upon his household furniture and effects. On March 22,
1883, the property insured was destroyed by fire. A trial
was had at the February term of the court for 1884, and the
court directed the jury to find against the plaintiff. Subse-
quently the case was brought to this court for review, and at
the July term for 1885 was reversed. (34 Kas. 170.) On

29—39 KAS.

September 9, 1886, it was again tried before the district court with a jury, and a verdict was returned for the full amount of the policy and interest—seven hundred and thirty-six dollars and thirty-nine cents. Judgment was entered in favor of the plaintiff and against the defendant for the amount of the verdict. The defendant brings the case here.

The first error alleged is the action of the court in sustaining the demurrer of plaintiff to the fifth, sixth and ninth counts of the answer. Said counts are as follows:

"5. Defendant further states, that the reasonable, fair and just rate for insuring the plaintiff's house was much greater in the condition it was, than plaintiff paid therefor, or than it would have been if in the condition it was represented to be by the plaintiff in said application.

"6. This defendant further charges and alleges the fact to be, that said house was destroyed by the culpable negligence and carelessness of the plaintiff, his servants and agents."

"9. Defendant, further answering, says that it herein incorporates as a part of this count the fourth count of this answer as fully as if set forth at length herein, and says that by the terms of said policy the said plaintiff did by his fraud and deceit forfeit and surrender all claim upon this defendant on account of said policy, and said fraud. and deceit, so practiced upon this defendant by said plaintiff, became and was a complete bar to any recovery for loss under said policy."

The grounds for refusal to pay the loss, as alleged in the fourth count of the answer, were, "that in the application for insurance signed by the plaintiff, it was represented that the house was provided with brick chimneys starting from its foundation; that there were two stoves in the house, and the pipes therefrom entered brick flues; and that no stove-pipes passed through the roof or side of the house." These representations were untrue, as it appears that one stove-pipe, instead of entering a brick flue, as stated in the application, passed directly through the roof of the house, where it is alleged the fire which destroyed the house originated.

The alleged errors are without merit. If there was any materially false representation made by the plaintiff with regard to the condition of his property, it would have oper-

ated to avoid the policy; therefore the allegations set forth in the fifth count of the answer, concerning the reasonable and just rate for insuring the place, were no defense. The same may be said also of the ninth count of the answer, because if the plaintiff was responsible for the application, then the policy was void on account of his false representations and concealments; and the ninth count merely restated what was set forth and contained in the fourth count of the answer; at least, no additional defense was alleged therein. The sixth count of the answer charges that the house was destroyed by the culpable negligence and carelessness of the plaintiff, his servants and agents. It is not charged that the negligence was willful, or of such degree as amounted to fraud. At most, the negligence alleged was only culpable—blamable. No facts were set forth in the sixth count tending to show that the culpable negligence was anything more than ordinary negligence. Insurance policies are taken out to guard against the results of negligence and carelessness; and therefore the said sixth count was no defense. (*Huckins v. Ins. Co.*, 11 Foster [N. H.], 238; *Ins. Co. v. Barringer*, 73 Ill. 230.)

The next error alleged is the refusal of the court to permit the defendant to read in evidence the testimony of Robert Forbriger, a deceased witness, who had testified on the former trial of the case. As the witness Botsford, who was assistant counsel in the former trial of the case, and who prepared the case-made which contained the testimony of Robert Forbriger, was permitted to take the case-made to refresh his recollection and to testify as to what Forbriger said as a witness upon the former trial, the court below committed no error, material or prejudicial. In *Solomon Rld. Co. v. Jones*, 34 Kas. 444, we decided:

"Where an attorney, who was present at the former trial, representing one of the parties in the case, is called to give in evidence the testimony of a deceased witness at that trial, he may refresh his recollection from the bill of exceptions, or read from the bill of exceptions purporting to contain the testimony of the deceased witness at the former trial, if he shows that he examined the bill and assisted in its preparation at the

time it was made, and knew, when the matters therein contained were fresh in his memory, that the bill stated what the deceased witness testified to on the former trial."

The defendant had all the advantage of this rule.

We have examined the special questions of fact refused to be submitted, and also the answers of the jury to the various questions before them, but do not perceive any error in these matters. One or two of the questions were answered without sufficient testimony, but these answers, in view of the other special findings of the jury, were not material. We cannot say, from the evidence, that the special findings, decisive of the case, were not sustained by sufficient evidence.

The judgment of the district court will be affirmed.

All the Justices concurring.