BEAVERS *v.* SECURITY MUTUAL INSURANCE COMPANY.

Opinion delivered October 21, 1905.

1. FIRE INSURANCE—REMOVAL OF PART OF GOODS.—An instruction that if the assured removed the insured stock of goods, or any part of it, from the building except in the usual course of business, this would be a fraud on the insurer which would discharge it from liability, is erroneous, *in the absence of any stipulation to that effect in the policy.* (Page 597.)

2. SAME—LOSS OCCURRING THROUGH INSURED'S NEGLIGENCE.—It was error to instruct the jury that if the loss occurred either through the negligence of the insured or was the result of his own wrong, the insurer would not be liable, in the absence of such a provision in the policy. (Page 597.)

3. SAME—NEGLECT TO PRESERVE PROPERTY.—A provision in a fire insurance policy that the company shall not be liable for loss caused "by neglect of the insured to use all reasonable means to save and preserve the property at or after a fire, or when the property is endangered by fire in neighboring premises" only requires the insured to exercise care in saving and preserving the property at and after the fire, and prevents a recovery for loss of so much of the property as could have been saved by the insured with the exercise of due care. (Page 597.)

4. SAME—ABSTRACT INSTRUCTIONS.—Where the policy did not contain the usual iron safe clause, it was error to instruct the jury as if it had been included in the policy. (Page 598.)

Appeal from Yell Circuit Court.

WILLIAM L. MOOSE, Judge.

Reversed.

### STATEMENT BY THE COURT.

This is an action to recover upon a fire insurance policy issued by the Security Mutual Insurance Company to appellant in the sum of $1500 on his stock of merchandise in a store house at Greenville, Ark. The jury returned a verdict in favor of the defendant, and the plaintiff appealed. The policy was issued September 24, 1901, and the property was destroyed by fire on the night of February 13, 1902.

The suit is for the full amount of the policy, and performance on the part of the plaintiff of the requirements of the policy is alleged in the complaint. The answer admits the issuance of the policy, but alleges that it was procured by plaintiff upon his false and fraudulent representations as to the value of the prop-

erty insured; that the plaintiff had failed, in violation of the terms of the policy, to take an inventory of said property and keep the same, together with his books showing his purchases, sales, etc., in an iron safe or safe place other than in the store; that before the fire plaintiff moved all, or nearly all, of the insured property from the store, and that the same was not destroyed; that he had, in violation of the terms of the policy, made false oath concerning the loss; that he had failed to comply with the terms of the policy in furnishing proof of loss; and that the loss occurred by the wrongful act or negligence of the plaintiff.

The plaintiff testified that he took an inventory of the insured stock of merchandise on January 1, 1902, which amounted to $4,475.89; that subsequent to that date he had purchased goods amounting to $585.95, and that, according to his daily cash and credit sales, he had sold $193.80 for cash and $1,067.96 on credit, and had on hand at the time of the fire property of the value of as much as $4000. He also testified that he had no iron safe, but had preserved the inventory taken January 1, 1901, and his accounts books running since that date, having the inventory taken and cash book in use before January 1, 1901, destroyed by the fire. He also testified that he furnished proof of loss in accordance with the terms of the policy, and had submitted to an examination under oath as provided in the policy.

The defendant introduced proof tending to establish the fact that plaintiff had, before the fire, removed a large quantity of goods from the store, and that the store was set on fire. Witnesses testified that when the fire was in progress they discovered evidences of the presence of coal oil in the house, and, after the fire, saw that a hole had been punched in the coal oil tank or can from which the oil could have escaped. Some of them testified that the back door of the store was found open when the fire was discovered. The plaintiff introduced proof in rebuttal, tending to contradict the statements of defendant's witnesses.

The court, over the objections of plaintiff, gave the following instructions:

2. "If you find from the evidence that the plaintiff Beavers removed his property or any part of it 'from the building before the fire except in the usual course of business in selling goods,

this would be a fraud on defendant, and you should find for the defendant.

"3.    If you find from the evidence that the loss occurred either through the negligence of the plaintiff or was the result of his own wrong, you must find for defendant."

*Sam T. Poe* and *Bullock & Davis,* for appellant.

It was prejudicial error to instruct upon a hypothesis not supported by the proof. 70 Ark. 441. Instruction No. 2 was erroneous in assuming that the removal of any part of the goods before the fire, except in the usual course of business, invalidated the policy. Instruction No. 3 was erroneous in assuming that negligence on the part of plaintiff invalidated the policy.

*Mehaffy & Armistead,* for appellee.

McCulloch, J., (after stating the facts.)    1.    The court erred in instructing the jury that if plaintiff "removed his property *or any part of it* from the building before the fire, except in the usual course of selling goods, this would be a fraud on defendant," and would discharge the defendant from liability under the policy.    This is not the law.    There is no stipulation in the policy preventing the insured from reducing the amount of his stock of goods in any manner that he saw fit.    The only stipulation in this regard found in the policy is that the company "shall not be liable beyond three-fourths of the actual cash value of personal property at the time any loss or damage occurs."

2.    The court also instructed the jury that if "the loss occurred *either through the negligence of the plaintiff or was the result of his own wrong,"* the defendant would not be liable. This was erroneous.    The policy contains no stipulation exempting the company from liability where the loss occurred through the negligence of the insured, nor does the law create or imply such an exemption.    There is a provision in the policy that the company should not be liable for loss caused "by neglect of the insured to use all reasonable means to save and preserve the property at or after a fire, or when the property is endangered by fire in neighboring premises."    This part of the contract only requires the insured to exercise care in saving and preserving the property at or after the fire, and prevents a recovery for loss of so much of the property as could have been saved by the insured

with the exercise of due care and the use of reasonable means. *German-American Ins. Co.* v. *Brown,* 75 Ark. 251.

The law is well settled that the insurer is liable, even though the negligent act of the insured or his servants be the proximate cause of the damage through the fire. Kerr on Insurance, p. 358; 2 May on Insurance, § 408; Ostrander on Insurance, § 192; *Johnson* v. *Berkshire Mut. Ins. Co.,* 4 Allen (Mass.), 388; *Enterprise Ins. Co.* v. *Parisot,* 35 Ohio St. 35; *Phenix Ins. Co.* v. *Sullivan,* 39 Kan. 449; *Columbia Ins. Co.* v. *Lawrence,* 10 Pet. 507; *Mickey* v. *Burlington Insurance Co.,* 35 Iowa, 174.

The law on this subject is stated by a learned text writer as follows: "Mere carelessness and negligence, however great in degree, of the insured, or his tenants or servants, not amounting to fraud, though the direct cause of the fire, are covered by the policy. Indeed, one of the principal objects of insurance against fire is to guard against the negligence of servants and others; and, therefore, while it may be said generally that no one can recover compensation for an injury which is the result of his own negligence or want of care, the contract of insurance is excepted out of the general rule. Nor does it make any difference whether the negligence is that of the insured himself or of others." 2 May on Insurance, § 408.

The instruction complained of was highly prejudicial to appellant, as the jury may have found, from the testimony tending to show that the door of the store was found open, coal oil spilled on the floor and a hole in the oil can, that there was negligence on the part of appellant or his agents.

3. Appellant complains at the giving of several instructions on motion of appellee, and of one given on the court's own motion, after the jury had deliberated for a time and returned into court without a verdict, concerning the duty of appellant to keep his books of account in an iron safe or to preserve them in some other safe place. There is no condition or agreement in the policy, nor elsewhere, imposing such duty, so far as the record shows; therefore the instructions on this subject were abstract.

Reversed and remanded for a new trial.