Benson *v.* Firemen's Insurance Company of New Jersey.

Opinion delivered November 21, 1921.

Insurance—loss of property by rains after fire.—Where a policy of fire insurance provided that the insurer should not be liable for loss caused, directly or indirectly, by neglect of the insurer to use all reasonable means to save and preserve the property during and after the fire, the insurer was not liable for damage by rains which occurred several days after the fire and which could have been avoided by the exercise of reasonable care by the insurer.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk*, Judge; affirmed.

*Coleman, Robinson & House,* for appellants.

The policy insured against all loss or damage by fire, and all damages directly traceable to the fire. Compensation should therefore have been made for the damage caused by the rain. 178 Mass. 570; 30 L. R. A. 346; 111 N. W. 400; 100 Minn. 528; 10 L. R. A. (N. S.) 326.

It was not the duty of the insured to restore the property to its condition before the fire, but that of the insurer, and to relieve the company from liability the acts of the insured must be wilful, wanton or fraudulent. 32 N. Y. 405; 39 Kan. 449.

The defendant knew of the necessity of protecting the house from rain and had an equal opportunity with plaintiff to do so, and had the same interest in preventing further damage.

*J. A. Watkins,* for appellee.

The words of the policy "direct loss or damage by fire," mean loss or damage occurring directly from fire as the destroying agency, in contradistinction to the remoteness of such agency. 133 U. S. 415; Clement on Fire Insurance, p. 85; Kerr on Insurance, p. 358; 27 S. E. 172.

The policy required the insured to give notice of the fire and *to protect the property from further damage.* This duty rested upon the plaintiff alone, and by his failure to attend to it, he cannot augment his damages. 45 N. E. 806; Clement on Fire Insurance, p. 1.

SMITH, J. Appellee, an insurance company, hereinafter referred to as the company, issued its policy of insurance "against all direct loss or damage by fire," to the extent of $2,300, on a one-story, shingle roof, frame building, in the city of Little Rock, owned by the appellant Benson. The house was damaged by a fire, which occurred on Monday, September 29, 1919, at two o'clock in the afternoon. Benson notified the agent who had written the policy on the afternoon of the fire, and on the following morning he and the agent inspected the property, and the agent advised Benson to have some

contractor figure what it would cost to replace the house as it was. A contractor named Schay made an estimate of $1,280; but there is some controversy as to the items included in his estimate. This estimate was given to the company's agent, who told Benson that he would mail it to Smallwood, the company's inspector and adjuster. About the end of the week in which the fire occurred, it commenced raining and continued to rain every day for a period of three weeks, and it was about three weeks before Smallwood appeared at the scene of the fire to make an inspection and adjustment of the loss for the company. When he came, he made some objection to Schay's estimate, but finally said he would pay it. Benson declined to accept Schay's estimate in satisfaction of his claim and demanded $2,300, the face of the policy. At the trial the court excluded all testimony in regard to the damage done by the rain, and the instruction on the measure of damage expressly excluded this element of damage from the jury's consideration. There was a verdict in Benson's favor for $1,500, and both parties have appealed.

It is insisted on behalf of the company that the verdict should not have exceeded Schay's estimate. But the undisputed testimony does not show that the damage (exclusive of that caused by the subsequent rains) did not exceed that amount. On the contrary, there was testimony placing the damage as high as $1,650. The appeal of the company is, therefore, disposed of by saying that there is testimony legally sufficient to support the verdict.

Benson took the position, and still maintains it, that the company was liable for all damage which occurred after the fire and until the time of the inspection by Smallwood, and his insistence is that, if he had made sufficient repairs to have protected the house from further damage after the fire, it would merely have added to his troubles in adjusting his loss with

the company, and that he was under no duty to protect the property by repairing the roof; that this duty rested upon the company and not upon him.

We do not concur in this view. The policy sued on contained the stipulation that there could be no abandonment of the property to the company. The policy further provided "This company shall not be liable for loss caused, directly or indirectly, * * * by neglect of the insured to use all reasonable means to save and preserve the property at and after the fire. * * *"

Smallwood testified—and his statement was not denied—that by using a tarpaulin, or an army fly, or putting on the roof four or five squares of shingles, the rains which later came could have been kept out and no additional damage would have occurred on account of these rains.

We can easily imagine a case where the insurance company would be liable under such a policy as is here sued on for damage done by rain as a "direct loss or damage by fire." Such would be the case if the rain followed so closely after the fire that no reasonable opportunity was offered to protect the property from that damage, because the fire would continue to be the proximate cause. We need not stop here to decide what would be a reasonable time for such purpose, as the undisputed testimony shows that Benson had a reasonable time to protect his property, and did not do so. Several days elapsed between the date of the fire and the beginning of the rains, and it was not until about the middle of December that Benson commenced to rebuild his house. He testified, however, that as much damage was done by the first three days of rain as ever occurred.

In the case of *Beavers* v. *Security Mutual Insurance Co.*, 76 Ark. 595, the policy sued on contained the identical provision found in the policy here sued on, that the company should not be liable for loss caused "by neglect of the insured to use all reasonable means to save

and preserve the property at or after a fire. &ast; &ast; &ast;''
We there said: ''This part of the contract only requires the insured to exercise care in saving and preserving the property at or after the fire, and prevents a recovery for loss of so much of the property as could have been saved by the insured with the exercise of due care and the use of reasonable means. *German-American Ins. Co.* v. *Brown,* 75 Ark. 251.''

There was here a failure to exercise due care and use reasonable means to protect the property after the fire; and this failure broke the causal connection between the fire and the subsequent damage, so that it cannot be said that this subsequent damage was a ''direct loss or damage by fire'' against which the company had contracted to indemnify the insured.

Judgment affirmed.