SIMON *v*. GIRARD FIRE & MARINE INSURANCE COMPANY.

4-2880

Opinion delivered February 27, 1933.

*James G. Coston, J. T. Coston* and *F. C. Douglas,* for appellant.

*Reid, Evrard & Henderson* and *Verne McMillen,* for appellee.

SMITH, J. Suits were brought by appellant on four fire insurance policies, which, for convenience, were consolidated and tried together. Three of the insurance companies made defendants carried policies of fire insurance on the seats in the Home Theatre in Blytheville, Arkansas, owned by the appellant. The other defendant insured the appellant against loss of rents resulting from the fire. The fire occurred about two o'clock on Sunday morning in a building adjacent to the theatre building, and as a result of this fire the roof covering the theatre was damaged. The damage to the roof was serious enough to require its repair, but not serious enough to prevent the use of the theatre for the usual purposes, and pictures were shown in the building each day up to and including the Saturday following the fire. On this Saturday, while the roof was being repaired and a portion of it open for that purpose, a heavy rain occurred, and the seats were damaged as a result of the rain.

The trial court submitted the question of loss of rents to the jury, and there was a verdict for the appellant on that account. The appellant complains, however, that this verdict was inadequate, and was made so by the instruction of the court on that issue. In the suits

for damage to the seats a verdict was returned under the direction of the court for the defendants, this being upon the theory that the damage was the result of the intervening negligence of the insured in repairing the roof, and the plaintiff has appealed from the judgment of the court on both issues.

The undisputed testimony is to the effect that there was no damage to the seats either from the fire or from water used in extinguishing it. There was a damage to the roof which made its repair necessary, but there was no leak in the roof as a result of the fire, and the use of the building was continued for its usual purposes notwithstanding the fire. There was testimony to the effect that a representative of the insurance companies directed the owner to repair the roof as a part of the fire loss; but this direction was general, and the owner was left to use his own judgment in this respect.

The fire made the repair of the roof necessary, but the undisputed testimony is to the effect that the repair could have been made at a time and in a manner which would have occasioned no damage to the seats. This damage was the result of tearing off the roof and letting in the rain, whereas the roof might have been repaired without this result.

Appellant insists, however, that his right to recover should not be defeated, although the negligence of his contractor may have contributed to the damage, for the reason that the fire was the primary cause of the damage. The case of *Beavers* v. *Security Mutual Ins. Co.,* 76 Ark. 595, 90 S. W. 13, is cited to support this view.

The trial court, in the case just cited, had instructed the jury that "if the loss occurred either through the negligence of the plaintiff or was the result of his own wrong, the insurer would not be liable." In condemning this instruction this court said: "The law is well settled that the insurer is liable, even though the negligent act of the insured or his servants be the proximate cause of the damage through the fire," and a number of cases were cited to support that declaration of law.

There is in the instant case, however, no insistence that the negligence of the insured was the proximate cause of the fire; nor is it questioned that the insurer is liable for all damage of which the fire was the proximate cause. The insistence is that, the fire having occurred, the insurer is not liable for any damage thereafter occurring through the negligence of the insured. Upon this issue the case of *Benson* v. *Firemen's Ins. Co.,* 150 Ark. 532, 234 S. W. 628, appears to be decisive.

We said there that we could easily imagine a case where the insurer in a fire policy might be liable for damage done by rain as a direct damage by fire, and that such would be the case if rain followed so closely after the fire that no reasonable opportunity was afforded to protect the property from that damage, for the reason that the fire continued to be the proximate cause of the damage. But it was also said in that case that, where subsequent to the fire there had been a failure to exercise care and to use reasonable means to protect the property after the fire, this failure broke the causal connection between the fire and the subsequent damage, and that such subsequent damage was not a direct loss or damage by fire against which the insurer had contracted to indemnify the insured.

It is ordinarily a question of fact for the jury as to whether the original fire or the subsequent negligence of the insured is the proximate cause of the damage; but there appears to be no such question of fact in the instant case. Numerous witnesses testified that there would have been no subsequent damage to the seats, had the roof been repaired in a proper time and manner, and the contractor employed to do the work admitted that there would have been no damage if he had cemented and waterproofed the roof as he tore the old roof off and put the new roof down. It is not only a matter of common knowledge that roofs may be repaired without damage to the contents of the buildings which they cover, but the undisputed testimony here shows this to be true. One contractor testified that he had repaired and re-

placed something over eleven thousand roofs without damage to the contents of the buildings in any case, and that there was no occasion for damage in the instant case.

The insuring clause in the rent policy was in the form of a rider attached to a standard fire policy, and contains the following provision: "If said premises or any part thereof, whether rented at the time or not, shall be rendered untenantable by fire or lightning occurring during the continuance of this policy, this company shall become liable for the rental value of such untenantable portions, loss to be computed from the date of fire or damage by lightning, until such time as the building could, with reasonable diligence and dispatch, be rendered tenantable."

This rider further provided that this "loss is to be computed from the date of fire or damage by lightning, until such time as the building could, with reasonable diligence and dispatch, be rendered again tenantable, although the period may extend beyond the termination of this policy."

The original policy to which the rider was attached provided that the insurer shall have the option to repair, rebuild or replace the property lost or damaged with other of like kind and quality; but these provisions do not appear to be applicable to the loss of rents, as they could not, of course, be repaired or replaced.

Upon the issue of the rents recoverable, the court instructed the jury to find for the plaintiff "for such amount as you may find, from a preponderance of the evidence, to be the rental value of the building during the time it would have taken the plaintiff, with reasonable diligence and dispatch, to repair the damage caused by the fire which was necessary to restore the building to the same tenantable condition as before the fire."

It is insisted that this instruction was too narrow, and that the court failed to instruct the jury with reference to contingencies and conditions beyond the control of the insured. But we think the instruction correctly defines the measure of damages for loss of rents and did

not exclude from the jury any circumstances which the jury had the right to consider. The instruction appears also to have conformed to the obligations which the insurer assumed in this respect.

The testimony shows the rental value of the property to have been $475 per month, and the jury returned a verdict for $1,425 for loss of rents, this being for a period of three months.

We conclude therefore that there was no error in this respect, and, as we are also of the opinion that the court was correct in holding that there was no liability for the damage to the seats caused by the rain, the judgment must be affirmed, and it is so ordered.