PEOPLE'S FIRE INSURANCE ASSOCIATION OF ARKANSAS v. GOR-

HAM.

Opinion delivered May 28, 1906.

FIRE INSURANCE—CONDITION AS TO KEEPING BOOKS—SUBSTANTIAL COMPLIANCE.—Under Kirby's Digest, § 4375a, providing that in all actions against any fire insurance company for any claim arising out of any policy on personal property, proof of a substantial compliance with the terms, conditions and warranties of such policy shall be deemed suffi-

cient, evidence that an insured merchant kept a merchandise account, which showed the amount of goods purchased by him and an account of cash sales which showed the goods sold is a substantial compliance with a condition of his policy that he should keep a set of books which present a complete record of business transacted, including purchases, sales and shipments.

Appeal from Hempstead Circuit Court; *Joel D. Conway,* Judge; affirmed.

*Dan W. Jones,* for appellant.

1. Appellees warranted that the stock was "new stock," of the cash value of $1,600. The evidence shows it was an old bankrupt stock, worth not more than $400. Goods are to be estimated at their market value without reference to their cost, the fair cash value in the market. 2 May on Ins. § 424, and cases cited; 11 L. C. 170; 74 N. C. 89; 71 N. C. 121. Parties are bound by their contract and their warranties. 72 Ark. 484, 490; 2 May on Ins. § 374; 66 N. C. 70. Any wilfully false statement as to value avoids the policy. 75 Ark. 251.

2. Appellees violated the "iron safe clause." 58 Ark. 565, 575; 1 May on Ins. §§ 156-7; 61 Ark. 207; 62 *Id.* 43. Conceding that § 4375a Kirby's Digest makes only a *substantial* compliance necessary, yet *no compliance at all* is not a substantial compliance, and the court erred in the first and second instructions for appellees. The fourth should not have been given, as it ignores that provision of the "iron safe clause" which requires all the books, etc., to be kept in an iron safe, or some place secure from fire.

3. The premium was never paid. No presentment, demand or notice was necessary. The payment of the premium was necessary before suit. 2 May on Ins. § 345 F.

*Jobe & Eakin,* for appellees.

There is no error in the court's instructions. The jury were properly instructed, the evidence is amply sufficient to sustain the verdict. The court followed the law. Kirby's Digest, § 4375a. It left it to the jury to say whether or not there was a *substantial compliance* with the provisions of the policy or not. The jury have settled it. The premium was not due until

after the destruction of the property. The jury deducted the premium, and appellant has received all it is entitled to.

Battle, J. Dully Gorham & Company owned a stock of merchandise, on which they held a policy of fire insurance, which was executed to them by "The People's Fire Insurance Association of Arkansas." During the life of the policy, on the 22d day of January, 1904, the stock was destroyed by fire, and this action was brought by the insured against the insurer to recover the promised indemnity of $1,200. The plaintiff, in a trial before a jury, recovered a verdict and judgment against the defendant for $1,166; and the defendant appealed.

Appellant's defenses against the action were, substantially, as follows:

(1) Appellees, in their application for insurance, which was made a part of the policy sued on, warranted that the stock of merchandise insured was "new stock," and of the cash value of $1,600, whereas it was the remnant of an old stock, and was not at the time of the application worth more than $400.

(2) It alleged that appellees executed to it for the premium they agreed to pay for the insurance of the stock of merchandise "their two several promissory notes, due and payable, respectively, thirty and sixty days after date, each for the sum of $16.50; that both of said notes were due and payable before the bringing of this action, and appellees had wholly failed, neglected and refused to pay either of them; by reason whereof said policy, by the express terms thereof, became void before the bringing of this action."

(3) That appellees promised and agreed to keep all of their books and invoices in an iron safe at night, or in some place secure against fire, so that in case of fire they might be submitted to adjusters; but appellees did not keep their books and invoices in such manner, by reason whereof a part of the invoices were destroyed by the fire which consumed the merchandise, and the policy became void.

1. After a careful examination of the policy and the application made a part of it, we fail to find a representation or warranty that the merchandise insured was a "new stock." We find in the application the following question and answer, "When was it last taken?" Answer, "New Stock." But this is not sufficient.

The evidence adduced at the trial was sufficient to show that the merchandise, at the time of the application for insurance and of the fire, was worth $1,600.

2. The second defense was based on the following provision in the policy: "No suit or action on the policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements." We fail to find that the payment of the notes for the premium was any part of the "foregoing requirements." And, if it was, appellant expressly waived it by agreement upon record, in consideration of the continuance of the action from one to a succeeding term of court.

3. The third defense was based upon the following provisions in the policy:

"(2.) The assured shall keep a set of books which shall clearly and plainly present a complete record of business transacted in reference to the property herein mentioned, including all purchases, sales and shipments, both for cash and credit, from date of the inventory provided for in the preceding section and during the life of this policy, or this policy shall be null and void.

"(3.) The assured shall keep such books and inventory, and also the last preceding inventory, if such has been taken, and also all books kept in his business since the date of such last preceding inventory, securely locked in a fireproof safe at night, and at all times when the building mentioned in this policy is not actually open for business, or shall keep such books and inventories in some secure place not exposed to a fire which would destroy the aforesaid building, and after a fire shall produce all such books and inventories, and deliver the same to this association for examination, or this policy shall be null and void, and no suit or action shall be maintained thereon for any such loss; it being agreed that the receipt of such books and inventories and the examination of the same shall not be an admission of any liability under this policy nor waiver of any defense to the same."

A statute of this State provides: "In all actions against any fire insurance company, individual or corporation, for any claim accruing or arising upon or growing out of any policy upon personal property issued by any such company, individual or corporation, proof of a substantial compliance with the terms, con-

ditions and warranties of such policy, upon the part of the assured, or party, individual, person or corporation to whom it may have been issued, or their assigns, shall be deemed sufficient, and entitle the plaintiff to recover in any such action." Kirby's Digest, § 4375a.

The evidence adduced at the trial tended to show that appellees kept a merchandise account, which showed the amount of goods purchased by them, and an account of cash sales, which showed the goods sold, and the latter deducted from the former showed the amount destroyed by the fire. The books containing these accounts were produced in court. The evidence however, showed that an invoice book was burned, it being on a shelf in the store at the time of the fire. But the proof, nevertheless, showed a substantial compliance with the conditions of the policy, and, under the statute, is sufficient to sustain the verdict.

Judgment affirmed.