SECURITY MUTUAL INSURANCE COMPANY *v.* BERRY.

Opinion delivered December 3, 1906.

1. FIRE INSURANCE—SUBSTANTIAL COMPLIANCE WITH POLICY.—Kirby's Digest, § 4375a, providing that in an action against a fire insurance company upon any policy on personal property proof of substantial

compliance with the terms, conditions and warranties of such policy shall be sufficient, establishes the rule that a substantial, as contradistinguished from a strict, compliance with the terms, conditions and warranties in such policies is sufficient. (Page 94.)

2. SAME—UNANSWERED QUESTION—WAIVER.—Where, upon the face of an application for fire insurance, a question appears not to be answered at all, or to be imperfectly answered, and the insurer issues a policy without further inquiry, it waives the want or imperfection in the answer, and renders the omission to answer more fully immaterial. (Page 95.)

3. SAME—WHEN QUESTION FOR COURT.—Where an application for fire insurance shows on its face that the applicant's answers to questions asked were incomplete, the question whether such answers were incomplete was for the court to decide, and should not be sent to the jury. (Page 96.)

Appeal from Ashley Circuit Court; *Zachariah T. Wood,* Judge; affirmed.

*Mehaffy & Armistead,* for appellant.

1. Appellee failed to comply with the terms of the iron-safe clause of the policies. The credit book was not kept in a fireproof safe, and was destroyed by the fire. This clause in the contract has been upheld as reasonable, and its provisions have been sustained as promissory warranties to be strictly performed to entitle the insured to recover for a loss. 19 Cyc. 761, note 1; 58 Ark. 565; 53 Ark. 353. A reasonable construction of the statute with reference to substantial compliance, Kirby's Digest, § 4375a, will not excuse or justify noncompliance with the provisions of the contract.

2. The application is made part of the policy, and the answers to the questions therein are made warranties as to their truth. If the applicant makes an untruthful answer, or answers so incompletely as not to disclose all circumstances material to the risk, he can not recover. 57 Ark. 279; 123 Mich. 277; 39 Am. Rep. 584; 51 Barb. 647; 66 N. C. 70; 58 Ark. 528; 19 Cyc. 706; 25 Conn. 51; 74 Pac. 312; 53 Atl. 1102; 125 Fed. 684.

*Pugh & Wiley* and *T. M. Hooker,* for appellee.

1. All the entries with reference to credit sales were transferred, or copied, from the day book to certain pages of the cash register set apart for that purpose, and the latter book was

kept in the safe. If not a literal compliance with the iron safe clause, which appellee contends is the case, this was at any rate such substantial compliance as authorizes a recovery. Kirby's Digest, § 4375a; 79 Ark. 160; *Id.* 266. · The clause relied on by appellant to defeat this claim, contains no warranty that the assured shall keep or produce the book of original entry. The transcript, when identified as being the book upon which the daily credit sales are entered, was the best means ·by which the credit sales could have been proved.

2. If the answer to the fourfold question, to which appellant objects, was not as "full, true and complete" as contended for by it, it was due to the form and arrangement of the question. Authorities cited in support of appellant's contention are either not in point or are favorable to appellee.

HILL, C. J. This was an action on a fire insurance policy. Appellant presents two matters which it alleges should bar recovery.

1. It is claimed that the "iron safe clause" was not complied with in that the book containing the credit sales was lost in the fire. It was shown, however, by appellee that said credit sales were a small part of the business, and they were entered on a day book (the one lost) and transferred or copied into another book which was preserved and presented for inspection.

Appellant refers to the doctrine that there must be a strict compliance with this clause in order for the insured to recover, and cites its statement and the authorities to sustain it in 19 Cyc. p. 761, and its application in *Western Assurance Co.* v. *Altheimer,* 58 Ark. 565, and *Pelican Ins. Co.* v. *Wilkerson,* 53 Ark. 353.

Undoubtedly this was the law in this State until the passage of the act of 1899 (Kirby's Digest, § 4375a) which renders substantial compliance with the terms, conditions and warranties in fire insurance policies on personal ·property sufficient.

Counsel, of course, admit the statute changes the force of the former decisions, but contend that "it excuses technical and non-essential details of performance, but it interprets itself as preserving the substance." It can not be presumed that the former decisions of this court and the current of authority held a policy void for noncompliance with "technical and nonessential details of performance." Necessarily, the act was intended to reach

beyond such matters, and to establish the rule that a substantial, as contradistinguished from a strict, compliance answered the justice of the requirement. See *People's Fire Ins. Co.* v. *Gorham,* 79 Ark. 160; *Security Mut. Ins. Co.* v. *Woodson,* 79 Ark. 266.

The court submitted, under proper instructions, the question of substantial compliance to the jury, and the verdict has sufficient evidence to support it.

2. The application contained these questions thus answered:

"31. Loss. Have you ever suffered loss by fire—when and if then insured, in what company? Yes. Security Mutual Ins. Co. How did it originate?"

It was developed on the trial that a former stock of goods of appellee insured in appellant company had been destroyed by fire, and also that prior to coming to Arkansas appellee's residence in Delhi, La., had been destroyed by fire. Whether the residence was insured in appellant company, or insured at all, was not shown. The answers to the fourfold interrogatory 31 were incomplete, but so far as they went were not false. The Supreme Court of the United States said in regard to a similar answer: "But where upon the face of the application a question appears to be not answered at all, or to be imperfectly answered, the insurers issue a policy without further inquiry, they waive the want or imperfection in the answer, and render the omission to answer more fully immaterial." (Citing many decisions). *Phoenix Life Ins. Co.* v. *Raddin,* 120 U. S. 183, 190. To the same effect is *Mut. Reserve Fund Life Assoc.* v. *Farmer,* 65 Ark. 581.

The application of this doctrine to these answers, or want of answers, prevent the recovery being barred on this account.

Judgment affirmed.

ON REHEARING.

Opinion delivered December 24, 1906.

HILL, C. J.   1. Appellant calls attention to an inaccuracy in this statement in the opinion:

"Whether the residence (referring to Mrs. Berry's residence in Delhi, La.) was insured in appellant company, or insured at

all, was not shown." Mrs. Berry testified that she had forgotten the name of the company in which the house was insured, and that most of the insurance was collected, and this evidence was properly abstracted, and the mistake was that of the writer of the opinion in summarizing the facts. It makes not the slightest difference whether Mrs. Berry collected the insurance in Delhi or not, and that fact had not the least weight in this case. Whether the company insuring her there was this company might have been of some moment as showing the answer was true or not true when it said former insurance was in this company; but the controlling feature in the whole matter is that the answer on its face shows it is incomplete.

2. The 31st interrogatory contains four questions: "(1) Have you ever suffered loss by fire? (2) When? (3) If then insured, in what company? (4) How did it originate?" After the third is written "Yes," and opposite the question is name of appellant company. All that is answered is that she had suffered loss by fire, and had been insured in appellant company. When the fire or fires occurred, and how it or they originated, are not answered. Counsel say that the question whether the answers were complete should have been submitted to the jury, and insist that the question should have gone to the jury under the 6th instruction requested by appellant. This instruction did not submit to the jury whether these answers in the light of the evidence were complete, but sought to have the jury find that if there had been a previous fire then such a fact was a concealment and vitiated the policy. But the question should not have been sent to the jury under any kind of instruction, for it was a matter of construction of a writing, a question for the court, not the jury.

Motion denied.