SECURITY MUTUAL INSURANCE COMPANY *v.* WOODSON.

Opinion delivered June 4, 1906.

1. FIRE INSURANCE—PROOF OF LOSS—WAIVER.—Where a fire insurance company denies any liability upon its policy, it will be held to have waived the necessity of the assured making proof of loss. (Page 268.)

2. SAME—WARRANTY AS TO KEEPING BOOKS—SUBSTANTIAL COMPLIANCE.—
Under Kirby's Digest, § 4375a, providing that proof of a substantial
compliance with the terms, conditions and warranties of a fire
insurance policy shall entitle the plaintiff to recover in an action
on the policy, proof that the assured kept a book showing the goods
received by him, and another showing the goods sold therefrom,
shows a substantial compliance with a condition in his policy that
he should keep a set of books presenting a complete record of bus-
iness transacted, including purchases, sales and shipments," etc.
(Page 268.)

3. SAME—MISREPRESENTATION—KNOWLEDGE OF AGENT.—Where an appli-
cation for insurance by a firm stated that the property insured be-
longed to the firm, when part of it belonged to one of the members
of the firm, the insurance company can not claim a forfeiture on ac-
count of such false representation, if its agent who wrote the appli-
cation was told the truth and wrote the falsehood into the appli-
cation. (Page 270.)

Appeal from Hempstead Circuit Court; *Joel D. Conway,*
Judge; affirmed.

STATEMENT BY THE COURT.

This is a suit on a policy of fire insurance. The property
insured was a stock of general merchandise valued at $800,
furniture and fixtures including iron safe for the store and office,
valued at $50, and store building, valued at $150.

The complaint set up the contract of insurance, and alleged
the loss, on the 14th of November, 1903, of the property by fire,
a compliance by plaintiff with the terms of the policy, to entitle
it to recover, and prayed for the amount of the policy.

The answer denied all the material allegations, and alleged
that the plaintiffs were bound by the bylaws, rules and regula-
tions of the company, it being a mutual company, and by the
application which was made a part of the policy, and denied
that the plaintiffs took an inventory on the day of the application
as they had represented; alleged that their goods at that time
would not inventory $1,300, as stated in their application; alleged
that they did not carefully preserve their books and invoices in an
iron safe or in some place secure against fire, so that they might
be secure from fire, so that they might be submitted to the
adjusters, as they agreed in their application they would do;
that they did not keep the last preceding inventory; that they

made fraudulent représentations at the time of making said application that their stock of goods was worth $1,300, that their house was worth $200, and that their store fixtures and safe were worth $100; that the policy contained this provision: "Loss to be paid sixty days after due and satisfactory proofs of the same shall have been made by the assured and received at the company's office in Little Rock, Ark., in accordance with the terms and provisions of this policy herein mentioned;" alleged that nothing was due and nothing payable under this policy until sixty days had elapsed after receiving proof of loss at the office in Little Rock, and that said proof of loss was not received sixty days prior to the commencement of the action.

The cause was submitted to a jury, and its verdict was in favor of appellee for the amount of the policy.

*Mehaffy & Armistead,* for appellant.

1. The policy is void because the proof of loss required by its terms is not shown to have been given within the required time or at any time. The condition is a reasonable one that proof of loss be furnished within sixty days from the date of loss. 72 Ark.

2. It is void because the insured did not keep a set of books as provided for in the policy. 53 Ark. 355; 7 Vroom. 35; 65 Ark. 241.

3. It is also void because the interest of the insured in the property for which they claim a recovery is not sole and unconditional. The soliciting agent is not shown to have had authority to waive the warranty that appellees were the sole owners. A question of waiver is always a question for the jury. 62 Ark. 43. A false representation as to the ownership of the property insured avoids the whole policy. 63 Ark. 187.

*Jobe & Eakin,* for appellees.

WOOD, J., (after stating the facts.)    1. Appellant contends that there was no proof of loss, as required by the terms of the policy. But appellant denied any liability whatever, and refused to pay. "Proof of loss," therefore, was waived. *Greenwich Ins. Co.* v. *State,* 74 Ark. 72.

2. It is next contended that the appellee did not keep a set

of books as required by the policy, which contained the standard provision on that subject, and did not comply with the iron safe clause. Such books as the appellee kept were not destroyed. The proof tended to show that a book was kept showing how many goods were received and how many were sold from the date of the issuance of the policy up to the time of the fire. What is termed in the evidence the "merchandise account" taken from the book kept was introduced without objection. It showed the amount of the merchandise received from the date of the issuance of the policy up to the time of the fire. It was shown that a cash book was kept showing the amount of goods sold. It was shown that appellee lost all the goods that were not sold. It was shown that appellee kept books showing the goods that were received and the goods that were sold. The difference between these of course would show the goods that were on hand. Appellees made an inventory showing the amount of goods that were on hand when the policy was issued. The insurance agent was on hand at the time the policy was issued, and examined the stock. The policy required the assured to keep a set of books which "shall clearly and plainly present a complete record of business transacted in reference to the property herein mentioned, including all purchases, sales and shipments, both for cash and credit, from date of the inventory provided for in the preceding section and during the life of this policy, or this policy shall be null and void."

The statute provides: "In all actions against any fire insurance company, individual or corporation, for any claim accruing or arising upon or growing out of any policy upon personal property issued by any such company, individual or corporation, proof of a substantial compliance with the terms, conditions and warranties of such policy, upon the part of the assured, or party, individual, person or corporation to whom it may have been issued, or their assigns, shall be deemed sufficient, and entitle the plaintiff to recover in any such action." Kirby's Digest, § 4375a. This act was passed March 29, 1899, and every policy of insurance written since its passage on personal property must be construed as if this provision were written in it. We are of the opinion that the proof showed a substantial compliance with the "bookkeeping clause" of the policy. The object of that clause

was to enable the insurer to ascertain the property that was on hand and the value thereof at the time of the fire, and it is reasonably clear from the testimony that appellant could have received all the information required by the above provision by an inspection of the books and inventory which appellee had kept and had on hand at the time of and after the fire.

3.   The application, which was a part of the policy, contains this question: "Is your title absolute to the property proposed for insurance?"   Answer, "Yes."   The application is signed, "J. E. Woodson & Company."   One of the partners testified: "One of the bills is for my personal account.   It is made out to C. E. Gosnell.   I had some stuff there that belonged to me, part of the goods, some surgical instruments and some books. The way that came, we asked Mr. Milburn for two policies.   We asked for a policy for J. E. Woodson & Company's stuff and for a policy for my individual stuff, and Mr. Milburn said it wasn't necessary, and it would be expensive, and for us to list the stuff together and take one policy, and if we happened to a loss we could settle that between us."   Appellant contends that the proof shows that the representation was false, and that it avoids the policy, which requires that the interest of the assured should be sole and unconditional.   But this representation was superinduced by the agent of the company, whose business it was to solicit the insurance and write the application therefor.   His knowledge was the knowledge of the company.   If this representation was false, the company must be held to have known of its falsity at the time its agent wrote the falsehood into the application.   This is clearly a matter which the agent taking the application could, and which the proof shows he did, waive.   The representation was directly in the line of the agent's employment and bound the company. To hold otherwise would be enabling the company to take advantage of its own wrong and to perpetrate a fraud on an innocent party.

The case of *Germania Insurance Co.* v. *Bromwell,* 62 Ark. 43, cited by counsel for appellant, does not support its contention. On the contrary, the principles announced there, when applied to the facts of this record, will be found to sustain the doctrine we have announced here.   In that case before any breach of the conditions constituting the forfeiture, and before the issuance of

the policy, the agent undertook by his statements to do away with a promissory warranty that was contained in the policy. Here there was a breach of the condition requiring sole and unconditional ownership at the time the assured made the representation. The condition existed at the time the policy was issued and before, and the insurer knew it. It did not relate to a condition that was to be performed in the future. A forfeiture for a breach of such condition, of course, could not be waived until the forfeiture had taken place.

The judgment is affirmed.