## DODGE v. THOMASON.

### Opinion delivered February 14, 1910.

1. INSURANCE—WAIVER OF PROOF OF LOSS.—Where an insurance company denies liability on some ground other than the failure to furnish proof of loss, the latter defense is waived. (Page 25.)

2. SAME—IRON-SAFE CLAUSE—WHEN COMPLIED WITH.—The requirement of the iron-safe clause in a policy of fire insurance that the books mentioned therein be kept in an iron safe or in some other secure place not exposed to a fire which would destroy the insured building is complied with where insured, a merchant, carried the books home with him if such home was not exposed to the fire which destroyed his store. (Page 25.)

3. SAME—ESTOPPEL.—A policy required insured to keep his books in an iron safe or other secure place. Insurer, prior to the fire, took his cash sales book to his home, and after the fire forgot that he had removed it, but represented that it had been destroyed in the fire. The insurer refused payment on account of a breach of the iron-safe clause. Insured, for this reason, failed to furnish proofs of loss. Subsequently the cash sales book was discovered and offered in evidence. *Held* that insured was not estopped by his representations that the book was destroyed from thereafter relying thereon, even though such representation induced the insurer to waive proofs of loss. (Page 26.)

Appeal from Mississippi Circuit Court, Osceola District; *Frank Smith,* Judge; affirmed.

*Dan. W. Jones* and *Robert Martin,* for appellant.

1. The court erred in its declarations of law. While it is true that "a denial of liability waives proof of loss" (83 Ark. 128), a waiver obtained by misrepresentations or concealment of material facts required by the "iron safe clause" of a policy does not bind the insurer. One ought not to be allowed to take advantage of his own misrepresentations, even if he is *honest* in making them. It is an undue advantage, and opens the doors to dishonesty. Plaintiff's acts worked an estoppel. 11 A. & E. Enc. Law, 422-3; 67 Ark. 588; 3 *Id.* 494; 65 *Id.* 54.

2. The conditions of the "iron safe clause" are useful and valid, and must be complied with. 65 Ark. 249; 83 *Id.* 126.

*W. J. Driver,* for appellee.

1. If the cash sales record book is admissible in evidence, plaintiff has made out his case, everything else required by the policy having been produced and the company having by denial of its liability waived proof of loss. 83 Ark. 126.

2. The finding of the court, like the verdict of a jury, is final as to the facts, and there is no question of law involved not clearly settled by this court. 79 Ark. 160; *Ib.* 266; 85 *Id.* 33; 87 *Id.* 171.

3. A denial of liability is a waiver of proof of loss. 19 Cyc. 867, 872. A waiver cannot be withdrawn. *Ib.*

FRAUENTHAL, J. This is the second appeal of this cause to this court. The opinion of this court rendered upon the former appeal will be found in 83 Ark. 126 (*Yates* v. *Thomason*). The plaintiff below instituted this action against the People's Fire Insurance Company upon a fire insurance policy. In its answer the defendant claimed that the plaintiff should not recover because he had violated a number of the express provisions and conditions of the policy which avoided the contract of insurance. Amongst other grounds of forfeiture of the policy, it was alleged that the plaintiff had taken out other and additional insurance on the stock of goods covered by the policy and in violation of an express provision thereof in that regard; that he had failed to furnish proof of loss in compliance with a provision of the

policy; and that he failed to keep a set of books as provided by what is known as the "iron-safe clause" of the policy. Upon the former trial a verdict was rendered in favor of the plaintiff. Upon the former appeal this court held that under the evidence adduced at the first trial of the case a denial of liability was proved, which waived the provision of the policy in regard to making the proof of loss, and that the defense upon that ground was not well taken. But, in regard to the defense that the plaintiff violated the provision of the policy contained in the iron-safe clause, this court held that under the evidence adduced upon that trial the plaintiff failed to keep in his iron safe a certain cash book which showed the account of sales, and that "there is no book or other written evidence which shows the amount of the sales;" that "the books were not before the jury, and there was no testimony tending to show that the books preserved contained a summary of the sales, and no written evidence of any data of such sales was preserved." For the failure to preserve and present at said trial said book showing said sales the judgment was reversed, and the cause remanded for a new trial.

Upon the cause being remanded to the circuit court, Frank H. Dodge was substituted for Frank B. Yates as receiver of the People's Fire Insurance Company. At the second trial the case was by agreement submitted to the court sitting as a jury upon the pleadings and the testimony as contained in the bill of exceptions of the former trial and certain additional testimony and the following further agreement:

"And it is further agreed that the plaintiff cannot recover unless the book designated in the stipulation between the attorneys for the parties as the cash sales book is admissible and competent evidence under the present state of the record in this cause. But it is further agreed that upon the other questions the court may adopt the verdict of the jury in the former cause and find the facts as there found, if it be held by the court that said book is admissible in evidence under the present state of the record in this cause; and the defendant saves its exceptions to any ruling of the court which permits the introduction of said book in evidence."

The additional testimony introduced at this second trial tended to prove that before the fire which destroyed the stock

of goods plaintiff removed the book kept by him showing the cash sales of the goods covered by the policy from the iron safe in his storehouse and carried same to his home and put it in his house desk, which was a secure place, and put it in a large book containing farm accounts, and it was overlooked, but subsequently discovered by his housekeeper just after the first trial of the case in the circuit court; that at the time he testified in the first trial and up to the date of its discovery the plaintiff was under the honest but mistaken belief that he left the book in a desk in his store, and that it was destroyed. The cash book was presented in evidence; and this book, in conjunction with the books and inventories introduced in evidence upon the first trial, showed a complete record of the business in reference to the property insured including all purchases, sales and shipments, both for cash and credit.

The defendant asked the court to make the following declaration of law, which was refused: "When the insured made statement to the insurance company's adjuster that disclosed a noncompliance with the terms of the insurance policy in such manner that a valid defense could be interposed by the insurance company in refusing to pay the claim based on such policy, and the insurance company denied liability after such disclosure was made, the denial of liability under such circumstances does not relieve the insured from the duty of making and filing with the insurance company a proof of loss within the time specified in the policy if such statements are afterwards proved to be erroneous. And if the insured fails to make and file with the insurance company such proof of loss within the time specified in the policy of insurance, the insured cannot recover."

At the request of the plaintiff the court made the following declaration of law:

"If the plaintiff Bertt kept the book which showed his cash sales in a secure place, and after the destruction of the stock of goods insured plaintiff mislaid said cash sales book, and was unable to produce the same within sixty days after the destruction of said stock, and at the former trial of this cause plaintiff was unable to produce said book of cash sales, but he thereafter found said book of cash sales, said book is competent evidence, and plaintiff is not estopped by rea-

son of the failure to produce said book as mentioned, and the verdict should be for plaintiff."

The court thereupon rendered a verdict in favor of the plaintiff, and from the judgment entered thereon the defendant brings this appeal.

It is contended by the defendant that the court erred in permitting the introduction of the book containing the cash sales, because the plaintiff had represented, no matter how innocently, before the first trial, and had at that trial stated that this book had been burned in the store at the time of the fire, and that the plaintiff should be concluded by the representation, even though, as a matter of fact, he was honestly mistaken in making such statement, and in truth said book was at his home. He urges that, by reason of the misrepresentation, the defendant denied liability, and thereby waived the necessity of making proof of loss, and on this account plaintiff is estopped from denying the destruction of the book, or that plaintiff should be held to have been required to have made said proof of loss within the time specified in the policy. We do not think that this contention is well founded. When the case was remanded to the circuit court for a new trial, it presented for determination every issue made by the answer. One of these issues was the alleged failure of the plaintiff to make proof of loss. It was agreed upon this second trial that upon that issue a finding should be made in accordance with the finding of the jury upon the former trial. The finding of the jury upon that issue upon the former trial was in favor of plaintiff. This court upon the former appeal held that there was sufficient evidence to sustain the finding of the jury upon that issue, and that the proof of loss was waived by a denial of liability. It has been uniformly held by this court that a denial of liability, not predicated upon the failure to furnish the proof of loss, is a waiver of a defense upon that ground. *German Insurance Co.* v. *Gibson,* 53 Ark. 494; *Phoenix Ins. Co.* v. *Minner,* 64 Ark. 590; *Greenwich Ins. Co.* v. *State,* 74 Ark. 72; *Planters' Mutual Ins. Ass'n* v. *Hamilton,* 77 Ark. 27; *Phoenix Assurance Co.* v. *Boyette,* 77 Ark. 41; *Security Mutual Ins. Co.* v. *Woodson,* 79 Ark. 266.

In its answer the defendant denied liability on a number of different grounds. At the time of the alleged denial of lia-

bility made by its adjuster it claimed, amongst other reasons, that it was not liable because the plaintiff had taken out additional insurance on the stock of goods in violation of a provision of the policy in that regard. The jury may have found that the defendant denied liability on grounds other than the failure to keep the books in the iron safe or other secure place. The case was tried upon the agreement that the finding of the jury upon this issue at the former trial should be final; and the only question then submitted to the court by this agreement was whether the cash book was admissible under the additional testimony. This additional testimony tended to prove that the books mentioned in the iron safe clause were kept in compliance with that provision of the policy; and it was, therefore, not error to admit in evidence the cash book and the additional testimony. The cash book was kept at a place and in a manner that sufficiently complied with the requirements of the policy. *Home Ins. Co.* v. *Driver,* 7 Ark. 171; *People's Fire Ins. Ass'n* v. *Gorham,* 79 Ark. 160; *Security Mutual Ins. Co.* v. *Woodson,* 79 Ark. 266; *Capital Fire Ins. Co.* v. *Kaufman,* 91 Ark. 310.

The clause in the policy known as the "iron-safe" clause, and the provision known as the "proof of loss" clause were separate and distinct, and a violation of either clause constituted a good defense to a recovery upon the policy. The fact that the cash book was destroyed by reason of not being kept in the iron safe would be a violation of the iron-safe clause, and not of the proof of loss provision. The testimony relative to the cash book tended to prove that the "iron-safe clause" of the policy had been complied with. The defendant denied liability because the "iron safe clause" had been violated, and not because the proof of loss had not been complied with. Before the time had elapsed for making the proof of loss, it in legal effect told the plaintiff it was not necessary to make the proof of loss; and now after that time has expired it insists that the proof of loss should have been made. It did not, after learning that this cash book had really been preserved, ask for the proof of loss, nor did it then permit the proof of loss to be made. It is not willing to do this, which is equity, but asks for the enforcement of an estoppel which is founded on equity. It concedes that technically it has waived the proof of loss by denial of liability, but it insists

that such waiver be set aside on the ground of estoppel; and yet it also insists upon the enforcement of the technical forfeiture of the policy. The doctrine of estoppel is allowed to be interposed only to prevent injustice and to guard against fraud. It will be allowed to shut out truth only when necessary to advance justice, but it will never be permitted where it will itself work injustice. If by innocent misapprehension defendant waived the proof of loss, and seeks to have that waiver avoided, it should have first asked for the proof of loss to be made, and thus have waived the time in which it should have been made under the policy. Failing to do that, it cannot insist upon the technical forfeiture of its contract and also ask that the legal waiver of that forfeiture shall be set aside.

We do not think under the circumstances of this case that the court committed any error in its findings of fact or in its rulings on the declarations of law.

The judgment is affirmed.