QUEEN OF ARKANSAS INSURANCE COMPANY v. DILLARD.

Opinion delivered November 7, 1910.

INSURANCE—IRON-SAFE CLAUSE—CONSTRUCTION.—The iron-safe clause in a fire insurance policy requiring the insurer to keep an inventory of

stock and a set of books, has no application to a policy insuring the furniture and fixtures of a job printing office where the insured kept no stationery or other stock on hand.

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*J. W. & M. House* and *J. W. House, Jr.,* for appellant.

As to "supplies," there has been no attempt to comply with the iron-safe clause of the contract. This word necessarily includes stationery, ink and things of like nature used in the business of the insured. 44 Am. St. Rep. 893; 68 N. Y. Supp. 781. Every word used in the contract should be given a reasonable meaning, to the end that the intention of the parties may be given effect. 3 Fed. 560; 18 L. R. A. 97; 12 N. Y. Sup. Ct. (5 Duer), 594; 3 Ark. 252. There being no substantial, nor any attempted, compliance with the clause, appellee can not recover. 53 Ark. 353; 58 Ark. 565; 61 Ark. 207; 62 Ark. 43; 65 Ark. 240; 85 Ark. 579; 83 Ark. 126; 91 Ark. 310; 61 S. W. 692; 36 S. E. 821; 63 Ark. 187; 52 Ark. 257.

*Webber & Webber,* for appellee.

Appellee kept no stock of stationery. As he needed material for a job, he obtained what he needed for that job from a dealer. He kept no books nor any iron safe, and the appellant's agent knew it. There was no need for a safe, nor to keep books, and it was manifestly the intention of the parties to insure the job office as a printing outfit, including such articles as formed a part of it. 52 Ark. 11; 2 Parsons (8 ed.), 617, 623; 19 Cyc. 655, and note 11; *Id.* 656, and note 13; *Id.* 657, and note 15; *Id.* 664, and note 52; *Id.* 660, and notes 32 and 34.

HART, J. J. H. C. Dillard brought this suit against the Queen of Arkansas Insurance Company and the sureties on its bond to recover upon a policy of fire insurance upon certain personal property.

The description of the property insured, as it appears in the policy, is as follows:

"Four hundred dollars on his office furniture, fixtures and supplies, including desks, tables, chairs, stands, type, type cases,

presses and electrical fixtures as are necessary to his use, and such other furniture and fixtures."

The policy was issued on September 2, 1908, and the property insured was destroyed by fire on November 15, 1908. The loss was total, and the property was of the value of $1,000.

The property insured consisted of a printing press, a cutter and stitcher, brass rules, and the type necessary to operate the press, and the office furniture. The business conducted by the insured was job printing, and no stock of any kind was kept on hand either for use or for sale. It was the custom of the insured when he secured a job to go out and buy the paper and envelopes necessary to use in doing the work. The policy recited that the insurance was subject to the condition of the iron-safe clause, which was in the form usual in standard policies of fire insurance. The insured kept no books, and made no attempt to comply with the iron-safe clause.

From a judgment of $400 rendered against them the defendants have appealed to this court.

The court instructed the jury that the iron-safe clause, which was a part of the policy, and which provided for the taking of an inventory of stock on hand, and that the insured should keep a set of books, did not apply to the class of property named in the policy.

The assignment of error predicated upon this instruction is not well taken. The requirements of the iron-safe clause have reference to such articles of merchandise as constitute the stock in trade of the insured, and has no application to property in a policy like that under consideration. 2 Cooley's Briefs on Insurance, p. 1814, and cases cited.

The undisputed evidence in the case shows that appellee did not keep any stationery, blanks or other stock on hand; that he purchased the material for each job as he secured it. The object in requiring a set of books to be kept showing a record of the business transacted, and of the changes taking place from day to day in the stock of goods of the insured, is that the insurer may have the means of ascertaining the amount and value of the goods destroyed. *Southern Insurance Company* v. *Parker,* 61 Ark. 207. In cases like this where no stock of goods or other wares are kept on hand, it is apparent

that the requirement of the iron-safe clause can serve no useful purpose, and the maxim that "the law does not compel one to do vain or useless things" applies.

The judgment will be affirmed.