FIREMEN'S INSURANCE COMPANY *v.* LAREY.

Opinion delivered July 3, 1916.

FIRE INSURANCE—OWNERSHIP BY TENANTS IN COMMON—SALE OF INTEREST BY ONE TENANT.—A and B, tenants in common of certain property insured the same with appellant, the policy providing for an avoidance of the same in case of a change of ownership. A sold his interest to D, and thereafter the premises were destroyed by fire. *Held,* the policy was avoided as to D, but that B could collect his share of the insurance from the appellant company, his interest not being affected by the sale of A to D. *Semble.* The rule would be otherwise in the case of a partnership.

Appeal from Miller Circuit Court; *G. R. Haynie,* Judge; affirmed.

*Webber & Webber,* for appellant.

1. The policy here is indivisible, the contract being entire. 52 Ark. 257; 63 *Id.* 187. Any breach which renders the policy void as to part of the property renders

it void as to all. Ostrander on Insurance, § 23 *et seq.*, p. 80; *Ib.* pp. 55, 59, 60 and 62 for illustrations.

2. The introduction of a new person without permission voids the policy. Richards on Insurance, p. 351, and No. 1. Taking in a new partner is a change of title. Ostrander on Ins., p. 313. Sale of partnership interest avoids the policy. 26 L. R. A. 591. Partition avoids it also. Ostrander Ins. § 76, p. 238. A conveyance of one half interest violates the condition. Elliott on Ins., § 266, 267, 267. Also change of ownership. Ostrander Ins., p. 23, § 7. Even between joint owners, one selling to others. *Ib.* § 75, p. 237, *et seq.*; or sale by a partner. *Ib.* 303. Any change in the title, the policy dies. 19 Cyc. 742, F., *et seq.* Where a stranger is introduced in the title the policy is void. 19 Cyc. 753.—*q.*

3. It was error to direct a verdict. Elliott on Ins. § 298; 81 N. W. 568; 122 Mich. 626.

*J. M. Carter*, for appellee.

1. Blocker's sale of his undivided one-half interest in the property did not avoid the policy as to Larey. The acts and transactions of Duke and Blocker and the agent could not affect Larey's rights. No stranger was introduced into the policy. The burden was on appellant to show cancellation. 19 Cyc., p. 936. Notice was necessary. 108 Ark. 131.

2. Title of one joint owner or tenant in common failing does not vitiate the policy as to the other. May on Ins., § 74; 11 Fed. 478, Ostrander on Ins., p. 310, 314; May on Ins., §§ 273-5; Vance on Ins., §§ 161, 279, 280; Angel on Ins., §§ 197, 381; 14 L. R. A. 431; 27 Ohio St. 1; 40 Ia. 551; 46 Ala. 11; 8 Ohio Dec. 404; 1 Sans. (N. Y.) 20; 55 Cal. 418; 100 N. Y. 417; 121 Mo. 75; Ostrander on Ins., pp. 310, 314. The cases in 52 Ark. 257 and 63 *Id.* 187 do not apply. See also 120 Pac. 344; 19 Cyc. 710-11; 38 S. W. 361, and many others.

3. Appellant had notice of Blocker's sale, and if it ever had any right to declare a forfeiture as to Larey, it failed to assert it until *after the fire.* This constituted a

waiver.　15 S. W. 34; 19 Cyc., p. 789-790 and 819.　It is estopped.　63 Ark. 210.

Hart. J.　R. L. Larey sued The Firemen's Insurance Company to recover upon a policy of fire insurance.　The facts material to a determination of the issues raised by the appeal are as follows:

C. M. Blocker and R. L. Larey were tenants in common of certain lots in the town of Fouke, Miller County, Arkansas, each owning an undivided one-half interest therein.　There were two store buildings located on the lots.　On the 1st day of April, 1915, C. M. Blocker applied to the Firemen's Insurance Company for a policy on said buildings in the sum of $600 for the period of one year.　The policy was issued to C. M. Blocker and R. L. Larey and among other conditions provided that the policy should be void "If any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured, or otherwise, etc."　Blocker had no authority from Larey to insure his interest in the property but as soon as Larey found that the insurance had been taken on the property, he ratified the act of Blocker and agreed to pay his part of the premium.　The policy was issued on a credit but the agent who issued it had authority to issue policies on a credit and both Blocker and Larey were well known to him.　Blocker sold his interest in the property to Mrs. F. L. Duke and on the 15th day of May, 1915, the agent cancelled the policy.　The property was destroyed by fire on June 12, 1915.　Larey did not know that Blocker had sold his interest in the property until after the fire occurrred and had not authorized him to make a sale thereof.

The court directed the jury to return a verdict for Larey in the sum of $300 being one-half of the policy and from the judgment rendered the insurance company has appealed.

It is contended by counsel for the defendant that the contract for insurance was an indivisible one and that the policy became void when Blocker sold his interest to Mrs. Duke. They claim that this act violated the provision of the policy quoted in the statement of facts against a sale or change of title of the subject of the insurance. In the the first place they contend that this necessarily results from the principles laid down in *McQueeny* v. *Phoenix Ins. Co.* 52 Ark. 257, and *Phoenix Ins. Co.* v. *The Public Parks Amusement Co.* 63 Ark. 187. In the first mentioned case the policy was issued upon a residence and frame house which was used for rental property. A gross sum was named in the policy as the premium and the amount of the policy was apportioned as follows: $600 upon the residence and $400 upon the frame house held to let. The same person owned both houses. The court held that the contract was entire and that the effect of the apportionment of the amount of insurance on the different subjects insured was to limit the extent of the insurers' risk, upon each item, to the amount named. In the last case the policy stipulated for a single premium and covered the contents of a livery stable. The insurance was separately apportioned to three classes, the horses, the vehicles, and the harness, etc. It was held that the contract was entire, the contract and risk being indivisible, and that if the policy was rendered void as to part of the carriages by reason of the insured's misrepresentation of his title, the entire policy was avoided. We do not think the rule laid down in those cases is controlling here. In giving effect to language, regard must be had to its purposes. The generality of the language employed must be restricted to the reason and object of its use by the parties. In the cases referred to the same person owned all the property insured. The premium was gross and there was not only no apportionment between the different items of property insured but the title to the insured property was in the same person. The two houses in the McQueeny case were situated at a distance from each other and a separate valuation of the houses was placed in the policy to appor-

tion the loss in case one of the houses burned and the other did not during the life of the policy.

The title to tenants in common in lands is separate. There is no unity in title but only unity of possession. In the instant case it is conceded that the agent who wrote the policy had the authority to issue policies and to issue them on a credit. He lived in the same county with Blocker and Larey and knew them both personally. The policy was not issued to Blocker and Larey as partners but as tenants in common. Hence the agent must have known that they did not occupy the premises themselves but were renting them out. The contract was one in its nature and purpose susceptible of apportionment and when the intention of the parties as gathered from the language of the contract and the subject matter of the insurance is considered, we think there is nothing in the nature or the terms of the contract which makes it indivisible. There is considerable conflict of authority as to the question whether the change in the personnel of a partnership, or the assignment of one partner's interest, is within the meaning of fire insurance policies which provide that the policy shall be void in case of any sale or transfer of the property, or change of title or possession. A much greater number of the decisions hold that the transfer by one partner of his interest in the property insured to another member of the firm, is not such a change in the title thereto as would violate conditions in a policy against transfer, change, or alienation of the property or interests therein. See case note to 21 L. R. A. (N. S.) 422; *Pierce* v. *The Nashua Fire Ins. Co.* 50 N. H. 297; *Lockwood* v. *Middlesex Mutual Assurance Co.*, 47 Conn. 553; *Hoffman* v. *Aetna Fire Insurance Co.*, 32 N. Y. 405. The reason given is that such a condition is inserted in the policy for the benefit and protection of the company against the risks of having careless or improvident persons substituted in the place of the original parties with whom they contracted. An assignment by one partner to another is obviously not within the principle or motive on which the condition is founded. Such a change does not affect the risk because no new party is brought in contrac-

tual relations with the insurers. The rule is different where a sale is made by one partner to a third person. In such cases a new person is brought into contractual relation with the insurance company. This is so because every partner owns the whole partnership property subject to the equal ownership of every other partner. When one partner sells his interest to a third person such purchaser does not become a tenant in common with the other partners in any specific goods but acquires only the interest his vendor had, which is his share of the residue after the affairs of the firm are settled and the debts paid, including debts due from the firm to a partner. 30 Cyc. 605. Again the same author says that the interest of a partner in the firm's assets is not that of a tenant in common, or of a joint tenant at common law. It is the share to which he is entitled under the partnership contract, after the firm's debts and the partners equities are adjudged. 30 Cyc. 444. See also Parsons on Partnership, 4th Ed. p. 137. Tenants in common are such as hold by several and distinct titles, but by unity of possession; because none knoweth his own severalty and therefore they all occupy promiscuously. Cooley's Blackstone, 4th Ed., Vol. 1, Book 2, * p. 191. On the other hand as Lord Hardwicke said, each member of a partnership is seized *per my et per tout* of the common stock and effects.

It follows that when one partner sells his interest to a third person, a new party with whom the insurance company did not contract is introduced. Such a change affects the risk because a new party is brought into contractual relations with the insurance company. In the case of a sale by a tenant in common of his interest to a stranger, the contract of insurance as to him or his vendee is at an end. Under a contract of insurance containing a provision like the one in question as to change of title, the contract as to the remaining tenant in common however, is not affected by the sale. This is so because under the sale no stranger is brought into contractual relation with the company. There is no unity of title whatever between tenants in common and a contract made by an insurance company with them is necessarily subject to

apportionment and is therefore a divisible contract.   We think this rule is in accordance with reason and justice. To illustrate:   in the present case, Blocker sold his interest in the property insured to Mrs. Duke.   Under the clause of the policy under consideration there was a change in his title to the property and the contract was ended as to him.   Mrs. Duke could not be brought into contractual relationship with the company without its consent and under the clause in question there was not only no consent but the insurance was avoided as to her.   All this, however, had nothing to do with the contract in regard to the interest of Larey.   His interest was not in any way affected by the sale of Blocker's interest to Mrs. Duke. In case of a loss by fire, neither he nor Mrs. Duke could share with Larey in the insurance collected by him. There would be no temptation to Mrs. Duke to destroy the property, not only because she could not share in any recovery had by Larey but she also lost her undivided one-half interest in the property insured.

The judgment will be affirmed.

McCULLOUGH C. J. (dissenting).   The ownership of the insured property was separate, Blocker and appellee, Larey, being equal tenants in common, but the contract of insurance was joint and indivisible.   The stipulation in the policy was that "if any change other than by the death of the insured takes place in the interest, title or possession of the subject of insurance, or if the policy be assigned before a loss, unless otherwise provided by agreement indorsed hereon or added hereto, *the entire* policy shall be void."   It is undisputed that Blocker sold his individual interest in the property to Mrs. Duke without obtaining the consent of the insurance company.

There is a sharp conflict in the authorities on the question of the divisibility of a policy of insurance which provides for the payment of a gross sum as premium but insures different items of property.   This court has held that such a contract is indivisible and that a breach of a portion of the contract avoids the entire policy.   *Mc-*

*Queeny* v. *Phoenix Insurance Co.*, 52 Ark. 257; *Phoenix Ins. Co.* v. *Public Parks Amusement Co.*, 63 Ark. 187.

In the opinion in the McQueeny case, the conflict in the authorities on the subject was distinctly recognized, and after a full discussion of the question and a review of the authorities, the court deliberately took the position that the contract was indivisible, and many cases were cited in support of that rule. In concluding the discussion the learned judge who wrote the opinion said: "We can see no good reason why a contract which, if made between individuals, would be entire, should be divisible if made between an individual and an insurance company."

The same rule was announced in the latter case of *Phoenix Insurance Co.* v. *Public Parks Amusement Co.*, *supra*, where the policy was on different items of personal property but reciting an entire consideration, and Judge Battle, speaking for the court, said: "The contract of insurance was entire and indivisible. Being void as to a part of the property insured, it is void as to all. It was all exposed to one risk, and the consideration for the policy was a specified sum. The fact that separate amounts of insurance were apportioned to separate items or classes of property did not make the policy divisible. The contract and risk being indivisible, the contract is entire, and any breach which renders it void as to a part of the property affects it in the same manner as to the remainder."

The authorities on this question are still irreconcilably in conflict, but as our court has deliberately taken a position on the question it ought not to be changed except by the lawmakers. If the policies in the two cases just referred to were entire, it would seem for a stronger reason, that the policy involved in the present controversy is entire and indivisible. There was a single premium and the contract was to pay a gross sum to both of the beneficiaries jointly in the event of the destruction of the property. It makes really a stronger case of indivisibility of the contract than where the policy apportions a separate sum on each item of the property insured. There is not a single feature of this policy which separates it into parts, for it mentions the two beneficiaries jointly, pro-

vides for a gross premium and for a gross sum to be paid in case of loss. There is nothing upon which the idea of divisibility can rest. The fact that the two beneficiaries owned separate interests does not, it seems to me, at all affect the entirety of the contract.

It will be observed also that the language of this contract, which is a standard form of policy, is unusually emphatic in providing that the *entire* contract should be void. Many of the authorities lay down the rule that that particular language renders every portion of the contract void even though it be treated as a divisible contract, and in those states where the contrary view is taken from that this court has decided upon the question of the divisibility of the contract, hold that where the stipulation is that the entire policy shall be void, it renders the contract indivisible so as to make it void in the case of a breach of the terms with respect to any part of the contract. 2 Cooley's Briefs, on the Law of Insurance, p. 1913; *Germania Fire Insurance Co.* v. *Schild*, 69 O. St. 136; *Insurance Co.* v. *Connelly*, 104 Tenn. 93; *Germier* v. *Springfield Fire & Marine Ins. Co.* 109 La. 341; *McWilliams* v. *Cascade Fire & Marine Ins. Co.*, 7 Wash. 48; *Martin* v. *Insurance Company of North America*, 57 N. J. L. 623.

It seems to me, however, that this case is entirely controlled by the two decisions of this court referred to, and that we are making a radical departure from the doctrine announced in those cases in holding that this contract was devisible and that one of the beneficiaries could recover for his separate interest.

Mr. Justice Wood concurs in the views here expressed.