MECHANICS' INSURANCE COMPANY *v.* INTER-SOUTHERN LIFE INSURANCE COMPANY.

Opinion delivered November 9, 1931.

626

628

*M. P. Watkins* and *Verne McMillen,* for appellants.
*Arthur L. Adams,* for appellee.

KIRBY, J., (after stating the facts). Appellant contends that the contract of lease between the life insurance company and Simmons constituted them partners in the production of the rice, and that, because of the alleged conduct of Simmons in making the proof of loss, etc., the life insurance company is barred of all right to recover its losses under the policies issued to it and Simmons jointly. This contention, however, is unwarranted, since under said lease or contract Simmons was

but a share cropper, the whole of the crop produced belonging to the landlord until payment of Simmons' debts for supplies, etc., out of the part that would otherwise have come to him; and the undisputed testimony shows that there was nothing due Simmons out of the crop at the time it was stored in the house and insured. *Gardenshire* v. *Smith,* 39 Ark. 280; *Hammock* v. *Creekmore,* 48 Ark. 264, 3 S. W. 180; *Hardiman* v. *Arthurs,* 144 Ark. 289, 222 S. W. 20; *Fenton* v. *Price,* 145 Ark. 116, 223 S. W. 364; *Barnhardt* v. *State,* 169 Ark. 567, 275 S. W. 909; *Harnwell* v. *Rice Growers' Assn.,* 169 Ark. 622, 276 S. W. 371.

Rogers, the agent issuing the policies, also knew of the relationship existing between the landlord insurance company and Simmons at the time the policies were issued, and this knowledge is imputed to the insurance companies. *Nat. Life Ins. Co.* v. *Jackson,* 161 Ark. 597, 256 S. W. 378; *Nat. Union Fire Ins. Co.* v. *Crabtree,* 151 Ark. 561, 237 S. W. 97; *Same* v. *Wright,* 163 Ark. 43, 257 S. W. 753; *Firemen's Ins. Co.* v. *Rye,* 160 Ark. 212, 254 S. W. 465.

It is not necessary, in the absence of specific inquiry, for insured to state the exact nature of his interest, which was not necessary to be described in the policy. Cooley's Briefs on Insurance, 2 Ed. pgs. 2123, 2164; 14 R. C. L., p. 1051.

There may even be a shifting of interest of parties jointly insured without affecting the rights under the policy. 38 A. L. R. 325; see also 45 A. L. R. 856 and notes, p. 863; *Fire Ins. Co.* v. *Larey,* 125 Ark. 93, 188 S. W. 7, L. R. A. 1917A, 29, Ann. Cas. 1918B, 1225.

There was no attempt to show nor any showing made that appellee life insurance company was in any way connected with or had any knowledge that Simmons, the agent, had made any fraudulent or false statement in the proof of loss or that his conduct in so doing was known to such insurance company, and its right to recover would not be affected by such conduct on Simmons' part if it had been proved. 14 R. C. L., § 403, p. 1223 and

cases cited; 26 C. J., p. 348; *Beavers* v. *Security Mutual Ins. Co.*, 76 Ark. 595, 90 S. W. 13, 6 Ann. Cas. 585. Cooley's Briefs on Ins., (2 ed.), pp. 1253, 4941.

The terms and conditions of insurance policies are always to be construed most strongly against the insurer, and this principle is recognized and fixed by our statute. Section 6148, Crawford & Moses' Digest.

The insurer denied liability under the policies, dispensing with the necessity for making proof of loss, but such proof and supplemental proofs were afterwards demanded by the insurers and furnished by appellee, and any question on that account passes out of the case. *Commercial Union Fire Ins. Co.* v. *King,* 108 Ark. 130, 133, 156 S. W. 445; *Woodmen of the World* v. *Hall,* 104 Ark. 538, 148 S. W. 526, 41 L. R. A. (N. S.) 517; *Dodge* v. *Thompson,* 94 Ark. 21, 125 S. W. 648.

The undisputed testimony also shows that the adjusters representing all the companies met after the loss and investigated the fire with a view to settlement, there being an extended investigation for the purpose as shown by Martin for trying to settle with the appellee insurance company, designated by him as an innocent victim.

The jury's finding of the amount of rice destroyed by the fire is a sufficient answer to any contention about an unintentional overstatement of the loss which could work no forfeiture. 20 A. L. R. 1164; *Fidelity-Phoenix Fire Ins. Co.* v. *Freedman,* 117 Ark. 71, 174 S. W. 215.

It was also manifest, reading the clause of the policies, that the record warranty clause had no application to the property stored in this old dwelling house, which was in no sense a warehouse. *Camden Fire Ins. Assn.* v. *Meloy,* 174 Ark. 84, 294 S. W. 378; *Queen of Ark. Ins. Co.* v. *Dillard,* 96 Ark. 378, 131 S. W. 946.

Acceptance of the payment of premiums after the loss occurred would in any event have operated as a waiver of the failure of insured to keep the record as required in the record warranty clause. *National Liberty Ins. Co.* v. *Spharler,* 172 Ark. 715, 290 S. W. 594.

We do not find it necessary to discuss any of the other assignments, and, finding no prejudicial error in the record, the judgment must be affirmed. It is so ordered.