**Doyle DECKER, Plaintiff,**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant.**

**Civ. A. No. B–C–79–13.**

United States District Court,
E. D. Arkansas, N. D.

April 3, 1981.

Thompson & Arnold, by Blair Arnold, Batesville, Ark., F. W. Jeffcoat, Heber Springs, Ark., for plaintiff.

William R. Wilson, Jr., Little Rock, Ark., Swift, Currie, McGhee & Hiers, Atlanta,

Ga., by Clayton H. Farnham, Atlanta, Ga., for defendant.

## MEMORANDUM AND ORDER

HOWARD, District Judge.

The defendant has filed a motion for summary judgment contending there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. The thrust of defendant's posture is essentially that the fire insurance policy, in question, requires examination under oath upon demand of the insurance company; that examination under oath is a condition precedent to instituting action under the policy; and that plaintiff first agreed to submit to examination, but later reneged.

In reviewing the record, as the Court must on a motion for summary judgment, the Court finds that Wayne Cockrum, who was designated as owner of the property involved in the insurance policy, submitted his claim and proofs of loss on August 16, 1978, but the defendant denied and rejected the claim. The record does not reflect the reason relied upon by defendant in denying any liability under the policy. Defendant simply asserts, in its pleadings, that the claim was rejected for a reason not relevant to the issue in this case.

■■■ It is well settled that when an insurer, under a fire insurance policy, denies liability or refuses to pay, such conduct constitutes a waiver of policy requirements as to notice and proofs of loss when such denial is not predicated on insured's failure to give notice or file proofs of loss. *Mechanics' Insurance Company v. Inter-Southern Life Insurance Company*, 184 Ark. 625, 43 S.W.2d 81 (1931); *Security. Insurance Company of New Haven v. Smith*, 183 Ark. 254, 35 S.W.2d 581 (1931); *Palatine Insurance Company v. McFadden*, 170 Ark. 1194, 280 S.W. 629 (1926). Moreover, a denial of all liability under the policy waives a provision requiring insured to submit to examination under oath. *See:* 45 C.J.S., Insurance, Section 1045 at 1270. For an interest-

ing analysis supporting the concept that any condition for the benefit of the insurer, in a policy, may be waived, *see: Connecticut Fire Insurance Company v. Boydston*, 173 Ark. 437, 293 S.W. 730, 733 (1927).

■ However, the record further reflects that on October 24, 1978, Doyle Decker made claim for benefits and proofs of loss forms were mailed to Decker by the defendant on November 16, 1978.[1] The posture of the case at this point raises the following questions:

1. Did the action of the defendant in denying any liability under the claim submitted by Cockrum amount to a waiver of any duty on the part of Decker to submit proofs of loss or submit to an examination under oath?

2. Did the voluntary action of Decker in making claim for benefits and the subsequent execution of proofs of loss forms submitted by the defendant operate as a waiver of the waiver of defendant's entitlement to proofs of loss and the right to examine Decker under oath?

In 45 C.J.S., Insurance, Section 1032 at 1259, it is provided:

"A waiver of proofs of loss is not defeated by the subsequent act of insured in attempting to furnish them.... However, insured may, by a failure to rely on the waiver, lose his right to interpose it...."

■ It seems settled that a mortgagee may take advantage of a waiver accruing in behalf of the insured. 45, C.J.S., Insurance, Section 1033 at 1259.

■ Confronted with these circumstances, the Court is persuaded that there are genuine questions of fact existing and it cannot be said that defendant is entitled to a judgment as a matter of law.

Rule 56 of Federal Rules of Civil Procedure provides:

"... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and ad-

---

1. Defendant argues that the policy should be construed to find Decker, a mortgagee, as an "insured" under the policy and subject to the requirement of examination under oath.

missions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . . "

Accordingly, defendant's motion for summary judgment is denied.

The Court is further persuaded that the plaintiff should be required to submit to an examination under oath within thirty (30) days of the entry of this order, without prejudice, however, to the defendant to renew its motion either for summary judgment or a dismissal upon a showing of prejudice by plaintiff's refusal to submit to examination under oath as previously agreed, providing it is ultimately found that defendant did not waive its right to require plaintiff to submit to examination under oath.

The Court finds that this case should be scheduled for trial on the merits on the 6th day of August, 1981, at 9:30 a. m. o'clock in courtroom 436.