Marie D. CAFFEY *v.* James CAFFEY

81-143                                                 625 S.W. 2d 444

Supreme Court of Arkansas
Opinion delivered November 30, 1981

*Daggett, Daggett & Van Dover,* by: *Robert J. Donovan,* for appellant.

*Kinney, Easley & Kinney,* by: *Knox Kinney,* for appellee.

JOHN I. PURTLE, Justice. The trial court held that an

insurance policy, purchased and paid for by appellant, inured to the benefit of both parties since the property, which was destroyed by fire, was owned by the parties as tenants in common. The trial court relied on the case of *Brown* v. *Brown*, 263 Ark. 189, 563 S.W. 2d 444 (1978). For her appeal the appellant alleges (1) that the trial court erred in holding that the case of *Brown* v. *Brown* cannot be distinguished; (2) that the appellate court should overrule the majority decision in *Brown* v. *Brown* and adopt the dissenting opinion; and, (3) that the trial court erred in its finding that the appellant insured the dwelling for its full value. Since we believe that *Brown* v. *Brown* was correct and is binding, we reject the arguments presented by appellant.

The facts in this case reveal that the parties were married for fourteen years before the divorce was granted on April 17, 1979. The appellant was awarded custody of the couple's two minor children and possession of the house in question.

On October 12, 1979, the chancellor converted the property from an estate by the entirety to an estate in common. He ordered the property sold and the proceeds divided. The parties were given 60 days within which to sell the property. On December 8, 1979, the house was consumed by fire.

Testimony revealed that the parties paid about $15,000 for the house. There had been improvements made to the house. The appellant estimated the total investment in the house to be approximately $18,000. There was testimony that the cheapest comparable house which could be built (containing 1200 square feet of living area) would cost between $32,000 and $34,000. Independent testimony also indicated the market value of the house was somewhere between $35,000 and $60,000. The witness, a builder, stated he could not positively say the destroyed house could not be rebuilt for $38,600.

The insurance existing on the house at the time of the divorce expired and the parties were made aware that there was no hazard insurance on the property. Apparently appellee refused to insure the house and sent word for the

appellant to insure it, which she did. She took out a policy in the amount of $38,000 for the building and $19,000 for the contents. The policy was issued in her name only and showed FHA as the loss payee or mortgage holder. She also changed the FHA account to her name individually. After the house burned the insurance company paid the proceeds into the registry of the court and by agreement of the parties the loan to FHA was paid from those proceeds. The chancellor held that there was a fiduciary relationship between the parties and the policy was to cover the interests of both parties. In the division of the proceeds the appellant was given credit for her individual property consumed in the fire. Also, she was awarded delinquent child support from appellee's portion of the proceeds on the marital personal property. The court then equally divided the insurance proceeds paid for the loss of the dwelling. The crux of the argument in this case is that the court erred in allowing the appellee to recover 50% of the net insurance proceeds paid for the loss of the building.

We think that *Brown* v. *Brown*, 263 Ark. 189, 563 S.W. 2d 444 (1978), is controlling in this case. In *Brown* we stated:

It is clear from this record that both appellant and appellee were tenants in common in the property involved as a consequence of the trial court's action in converting the property owned by the parties from an estate by the entirety to a tenancy in common. . . . As such, a fiduciary relationship existed between them which imposed on each a duty to protect and secure their common interest. From February, 1974, to January, 1975, appellee maintained insurance coverage, at her own expense, for the benefit of herself and for appellant. After appellee remarried and decided to move elsewhere, she immediately advised the appellant of her plans to the end that appellant could assume possession of the premises.

In previous cases we have held that tenants in common generally have a fiduciary or confidential relationship with the other tenants in common, imposed by law. *Hendrix* v. *Hendrix*, 256 Ark. 289, 506 S.W. 2d 848 (1974). We can think

of no case which would more clearly impose the duty of one tenant in common to protect the other tenant in common than that presented under the facts in this case.

The trial court was not clearly erroneous in finding that the house was insured for its full value. The house originally cost about $15,000 in 1973. Although its replacement cost may be considerably more than its real value, we cannot say that there is no evidence to support the chancellor's decree as to the value of the insured property. It is obvious that the market value of this house was less than the replacement cost. No doubt, the insurance company paid the full proceeds of the policy in accordance with the valued policy law in Arkansas. Therefore, the amount paid by the insurance company was evidence which could have been used by the chancellor in making the determination as to the value of the house.

This case was referred to us from the Court of Appeals pursuant to Rule 29. After reviewing the record de novo we are of the opinion that the trial court's findings of fact were not clearly erroneous and *Brown* v. *Brown,* supra, should not be overruled.

Affirmed.

GEORGE ROSE SMITH, J., concurs.

GEORGE ROSE SMITH, J., concurring. If this were the first time the controlling question of law was being presented to us, I would take the position expressed in my dissenting opinion in *Brown* v. *Brown.* But the point has been settled by that case. The issue is not of really fundamental importance. Rather, this case presents the familiar situation in which the need for certainty in the law outweighs the possibility that a result contrary to precedent might be slightly more desirable. I therefore agree that *Brown* v. *Brown* should not be overruled.