James BRYAN *v.* EMPLOYERS NATIONAL
INSURANCE CORPORATION, et al.

87-255                                          742 S.W.2d 557

Supreme Court of Arkansas
Opinion delivered January 19, 1988
[Rehearing denied February 22, 1988.*]

*Hankins, Capps, Hicks & Madden,* by: *Stuart W. Hankins,
Sherry S. Means,* for appellant.

*Matthews & Sanders,* for appellee.

JACK HOLT, JR., Chief Justice. This case involves the
interpretation of the exclusionary language of an insurance
policy. The appellant, James Bryan, and Jack Hill entered into an
oral partnership agreement in 1982 for the purpose of operating
the Townhouse Motel and Restaurant in Conway, Arkansas, and
the King's Inn Best Western in Russellville, Arkansas. In 1985
Hill procured insurance from the appellee, Employers National
Insurance Corporation ("Employers National"), to cover both
the Townhouse Motel and King's Inn Best Western. The named
insured under the policy was Jack Hill d/b/a Townhouse Motel
and King's Inn Best Western. One day after the procurement of
the policy the Townhouse Motel was damaged by fire. Subse-
quently, Hill was convicted of arson of the insured premises.

---

*Purtle, J., would grant rehearing.

Bryan was not involved in the crime.

In 1987 Bryan filed a third-party complaint and petition for declaratory judgment alleging that he was entitled to a portion of the proceeds of the policy. Employers National responded by filing a motion for summary judgment. In granting summary judgment, the trial court found that Bryan was not entitled to the insurance policy proceeds for three reasons: (1) he was not an insured under the policy, (2) Jack Hill committed arson of the insured property and, therefore, Bryan could not recover as an innocent co-partner as a matter of Arkansas law, and (3) the language of the policy specifically barred recovery. Bryan contends that the trial court erred in its findings. We find that the exclusionary provisions of the policy prohibit his recovery. Accordingly, we do not address the other issues on appeal.

The Employers National insurance policy issued to Jack Hill provides in pertinent part as follows:

VI. Exclusions.

A. This policy does not insure under this form against loss caused by:

10. Any fraudulent, dishonest, or criminal act done by or at the instigation of any insured, partner or joint adventurer in or of any insured. . . .

The explicit language of the policy precludes recovery if any insured commits a criminal act. Since Jack Hill, a named insured, was found guilty of arson, Bryan cannot recover. The trial court properly rendered summary judgment as there was no genuine issue of material fact for trial. *Terry* v. *Taylor*, 293 Ark. 237, 737 S.W.2d 437 (1987).

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The language in the insurance policy relied upon by the majority does not "preclude recovery if any insured commits a criminal act." The language is designed to prevent any insured from collecting for a loss resulting by his "fraudulent, dishonest, or criminal act" or for loss resulting from such acts done "at the instigation" of such insured.

This language was not intended to give the insurance company an excuse from paying a loss to an innocent insured even though another insured intentionally caused the loss.

The majority has adopted the "guilt by association" doctrine which certainly is not consistent with our prior decisions or public policy. For instance, under the majority's decision a couple owning an insured dwelling could divorce and one spouse could intentionally burn down the dwelling for spite and thereby deny the innocent spouse the right of recovery. Or, a co-tenant with criminal intent could burn property co-owned by an innocent party in order to abandon him without any hope of recovery.

In the case of *Mechanic's Insurance Company* v. *Inter-Southern Life Insurance Company*, 184 Ark. 625, 43 S.W.2d 81 (1931), we decided that the criminal act of a co-owner did not defeat the claim of an innocent owner. In *Mechanics* the landlord and the tenant had entered into an oral agreement whereby the tenant would farm rice on land owned by the landlord. The threshed rice was stored in a building which was destroyed by fire. After the tenant signed a proof of loss, he was indicted for arson and the fire insurance company refused to pay the loss. The landlord filed suit alleging that he did not know the origin of the fire and that the fire did not occur by any violations on his part of the provisions of the policy. The insuror denied liability claiming that it did not have notice of the landlord and tenant relationship and further that the tenant moved the rice from the building, burned the building, and then falsely swore to the proof of loss. The insurance company argued that the landlord and tenant were partners and that the tenant's act of arson barred the landlord's recovery under the policy. The thrust of the holding in *Mechanics* was that criminal conduct by a co-owner will not defeat the claim of an innocent co-owner.

We have also previously held that a former spouse who purchases fire insurance in his or her own name cannot deprive the other spouse of a pro rata recovery paid by an insurance company. In *Brown* v. *Brown*, 263 Ark. 189, 563 S.W.2d 444 (1978), we upheld the trial court's finding that a fire insurance policy obtained by the husband which did not name the wife as an insured, inured to the benefit of the wife. We specifically reaffirmed that decision in *Caffey* v. *Caffey*, 274 Ark. 335, 625

S.W.2d 444 (1981), where the divorced wife purchased and paid for an insurance policy without naming her former husband, a tenant in common. We held that the policy inured to the benefit of both parties. The rationale for both *Brown* and *Caffey* was that tenants in common or joint tenants have a fiduciary relationship with each other. See also *Hendricks* v. *Hendricks*, 256 Ark. 289, 506 S.W.2d 848 (1974).

The trial court granted summary judgment upon the pleadings and agreement of counsel. It is my opinion that there were genuine issues of fact to be determined. Therefore, summary judgment was improper.

In any event the majority clearly misinterprets the exclusionary language in the policy. I would reverse and remand for further proceedings.